IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 19-162-013 |
| | ) | |
| MARCEL SEWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Before the Court is Defendant's counseled Motion for Release/Reduction Pursuant to the CARES and/or First Step Act. 18 U.S.C. § 3582(c)(1)(A)(i).  ECF 1397.  Defendant has filed several addenda to this Motion to keep the Court up-to-date on his medical status while incarcerated.  ECF 1398, ECF 1412, and ECF 1419.  The Government filed a Response in Opposition to the Motion for Release/Reduction.  ECF 1418.  Defendant filed a Reply to same. ECF 1419.

The matter is now ripe for adjudication.  For the reasons set forth below, the Court will deny Defendant's Motion.

**I. Background**

Marcel Sewell ("Defendant") was charged in an indictment dated June 4, 2019, with one count of conspiracy to possess with intent to deliver 500 grams or more of cocaine (Count II), and one count of conspiracy with intent to deliver 280 grams or more of cocaine base (Count III).

Pursuant to a plea agree with the Government, on November 20, 2019, Defendant pled guilty to a charge of conspiracy to distribute a quantity cocaine (Count II), contrary to the provisions of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(C), and a plea of guilty to a charge of conspiracy to distribute 28 grams or more of cocaine base in the form commonly known as crack

(Count III), contrary to the provisions of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(B)(iii) all in violation of 21 U.S.C. §846.

On January 7, 2021, this Court sentenced Defendant to a 60-month imprisonment term, followed by five years of supervised release.  ECF 1259.  Defendant self-reported to Butner Medium I, a federal correctional facility in North Carolina, and his release date is April 8, 2025. *See*, https://www.bop.gov/inmateloc/.

Defendant's presentence investigation report indicated that Defendant had brain cancer, lung cancer, HIV, chronic back and leg pain, hypertension, elevated cholesterol levels, and seizure disorder.  ECF 844, ¶ 45.  In connection with the instant Motion filed on September 6, 2021, Defendant's counsel produced medical records to show that Defendant's inoperable lung cancer metastasized to his brain in 2019.  ECF 1397, p. 5 and ECF 1397-4.  Defendant's counsel also recently produced Defendant's entire prison medical record which corroborates his various diagnoses.  ECF 1412-1.  Finally, Defendant' counsel filed a medical report from Defendant's oncologist, Antoinette Wozniak, MD, dated February of 2019.  ECF 1419-1.  In this note, Dr. Wozniak concludes that "as far as [Defendant's] [cancer] goes, it is very stable post-treatment . . . [and] his CAT scan is stable with no new findings.  He is also gaining weight which is a good sign. . . . importantly there is no change and nothing is growing."  Id.

Although the Government recognizes the seriousness and likely terminal nature of Defendant's diagnoses, the Parties jointly filed a status report on September 17, 2021, indicating that they could not reach a resolution concerning Defendant's request for release nor a reduction in his sentence.  ECF 1410.  Subsequently, on October 5, 2021, the Government filed a Response in Opposition to Defendant's Motion for Release/Reduction.  ECF 1418.  Defendant filed a Reply to the Government's Response on October 7, 2021.  ECF 1419.

## II. Standard of Review

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed.").

The First Step Act's amendment of 18 U.S.C. § 3582 provides an example of such specific authorization.[1]   As amended, the First Step Act allows this Court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  In addition, this Court must consider: (1) whether Defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A).[2]

### III. Discussion

In Defendant's Motion for Release/Reduced Sentence, Defendant requests that this Court "reduce his prison sentence to supervised release with a condition of home confinement based on his underlying medical conditions that substantially increases his risk for severe illness upon exposure to COVID-19 at FCI Butner." ECF 1397, p. 2.  In support of his request, Defendant notes that: (1) he suffers from a terminal illness; (2) as a black male, his cancer survival rate for

---

[1] Title 18 U.S.C. § 3582(c)(1)(A) is referred to as "the compassionate release statute," because it allows the Court to modify a term of imprisonment if certain conditions are present.  Historically, the presence of the conditions only permitted the Bureau of Prisons ("BOP") to bring a motion under the compassionate release statute.  However, in 2018, the First Step Act modified the compassionate release statute and authorized a defendant to file his own motion for relief.  First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018).

[2] Defendant has supplied the Court with documentary evidence that he had exhausted his administrative remedies. Thus, the Court will analyze and discuss the substance of Defendant's arguments for compassionate release.

surviving five years from the date of his diagnosis is 14.1%; (3) he is 60 years old, and due to his age, he is at an increased risk for suffering serious illness from COVID-19; and (4) his hypertension, his HIV condition, and the scarring he has on his lungs are all additional conditions which place him at risk of contracting a serious case of COVID-19.  ECF 1397, p. 5-6.  Notably, Defendant also contends that the prison setting diminishes his ability to self-care and obtain radiation and chemotherapy, as well as place him at risk of dangerous, life-threatening medical events.  Id at p. 7.

The Government counters these arguments by noting that each of Defendant's ailments was known to the Court before the Court sentenced Defendant.  ECF 1418.  In addition, the Government further notes that Defendant has been vaccinated with respect to COVID-19.  Id. at p. 13.  Further, the Government argues that in 2019, when Defendant was housed in the Allegheny County Jail, his health declined due to his cancer spreading from his lungs to his brain.  In response to this significant decline the Government agreed to allow Defendant pre-trial release to address his health.  Id., p. 22.  However, the Government notes that Defendant is not experiencing any sort of downturn in his health at this juncture.  Id.

The Court begins by noting that at the time of sentencing it was aware of all of Defendant's serious medical conditions.  These medical conditions were considered by the Court when the Court sentenced Defendant to 60 months imprisonment at each count to run concurrently.  In issuing this sentence, this Court granted Defendant a downward variance, given that Defendant's guideline range was 70-87 months based on his criminal history score of "IV" and his offense level of "23."  As noted on during the sentencing hearing, one of the reasons the Court granted Defendant a downward variance and allowed him to self-report to prison in May of 2021 was due Defendant's health conditions.  ECF 1259.

4

Next, the Court notes that despite Defendant's counsel's thoroughly researched statistics on the number of COVID-19 cases country-wide, FCI Butner Medium I, the intermediate security facility where Defendant is currently housed, currently has <u>zero</u> COIVD-19 cases among inmates, but there are 5 staff members who have tested positive for the virus.  *See,* https://www.bop.gov/coronavirus/ .

Third, the Court will deny Defendant's motion because, after considering: (1) whether extraordinary and compelling reasons justify a reduction in Defendant's sentence or a sentence reduction to time served; (2) whether such relief would comply with the factors set forth in Section 3553(a), to the extent that they are applicable[3]; and (3) the dangerousness consideration set forth in Section 3142(g), the Court finds that Defendant has not established entitlement to the relief sought.

Defendant does not meet the threshold for convincing this Court that extraordinary and compelling reasons justify a reduction in Defendant's sentence or a sentence reduction to time served.  Although he suffers from serious, likely terminal, medical conditions, nothing in his medical records indicates that any of his conditions has changed or worsened in the months since this Court sentenced him to 60 months imprisonment.  Thus, at the time of sentencing, the Court considered the exact medical conditions form which Defendant currently suffers, and ordered Defendant to serve 60 months in prison.

Similarly, the Court very thoroughly and carefully considered each of the 3553(a) factors at the time of sentencing and determined that when each factor was considered in light of Defendant's role in this large drug conspiracy and "SCO" gang, the appropriate sentence was 60

---

[3] These factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense; and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a).

months.  Again, nothing in recent months has occurred to change this Court's position on the need to provide justice, equitable sentences for those who have committed serious crimes of this nature, and the like. Thus, the Court still considers 60 months to be the appropriate sentence in light of all of the 3553(a) factors.

Finally, the Court finds Defendant to be just as dangerous today as he was at the time of his sentence, and as set forth in Section 3142(g).  Most, if not all of Defendant's criminal activity was perpetrated by him while suffering from the same physical ailments he possesses today. Being in a prison population – especially at Butner Medium I – does not expose him to any greater risk of contract COVID-19 than he would otherwise face in the community should he be released.

For all of these reasons, Defendant's Motion for Release/Reduced Sentence pursuant to CARES and/or First Step Act (ECF 1397), is DENIED.

SO ORDERED this 7th day of October, 2021.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record

6